## APPEAL OF SACRED HEART COOPERATIVE MERCANTILE CO.

Docket No. 1451.    Submitted May 11, 1925.    Decided June 10, 1925.

*Arthur M. Higgins, Esq.*, for the taxpayer.
*John D. Foley, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

The taxpayer appeals from a deficiency of $160.35 in income and profits taxes for the period from February 1, 1921, to December 31, 1921.

### FINDINGS OF FACT.

The taxpayer is a Minnesota corporation and was incorporated on February 1, 1921, under chapter 382, Laws of 1919, State of Minnesota.

During the year 1921 the taxpayer paid to its stockholders the sum of $708.26, representing a payment of 8 per cent on the outstanding capital stock, which payment is claimed by the taxpayer to be interest deductible as an expense, and by the Commissioner to be dividends and not deductible in computing net income.

During that year the taxpayer was engaged in the retail sale of general merchandise and operated on the cooperative basis, pursuant to the law under which it was organized.

The certificate of incorporation provided, in part, as follows:

### ARTICLE VI.

The amount of capital stock of this corporation shall be $75,000, which shall be paid in money or in property or both, in such manner, at such times, and in such amounts as the board of directors shall order. The capital stock shall be divided into 750 shares of the par value of One Hundred Dollars ($100.00) each and non-assessable.

The by-laws provide in part as follows:

### ARTICLE IX.

SECTION 1. The proceeds of the business, after the payment of all operating expenses, including a proper allowance for depreciation and interest on indebtedness, shall be termed Net Earnings and distributed as follows:

(a) Special surplus. There shall be a sum equal to ten (10) per cent of the net earnings deducted from the same and retained in the business until such surplus shall be equal to thirty (30) per cent of the paid up capital stock.

(b) Dividends on issued and outstanding stock not to exceed eight (8) per cent shall be paid at the discretion of the directors. In no event shall a dividend on capital stock be paid out of capital. But in case the net earnings of the association in any one year shall be insufficient for this purpose, a sum equal to such deficiency may first be set aside out of the net earnings of the following year before any distribution of earnings is made under division 1, section 1 hereof.

(c) Any remaining balance after providing for the foregoing deductions, shall be distributed on the basis of the amount of produce bought from the patron, the value of the merchandise sold to the patron (members and non-members) in proportion to the amount of purchases of each, allowing half as much percentage to non-members as to members.

Taxpayer stipulated that during the period involved it was not one of the corporations entitled to exemption from tax under section 231 (11) of the Revenue Act of 1921.

### DECISION.

The determination of the Commissioner is approved. Dividends upon the capital stock are to be paid only from profits. They are not a charge against the assets of the company, and the Board finds no basis for differentiating such dividends from similar payments upon the stock of any other corporation.